THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOES 151-166, | ) | Case No. 2:20-cv-03817-MHW-EPD |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. Deavers |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on July 12, 2021, and was attended by:

**Attorney Richard W. Schulte, counsel for plaintiff John Doe 162,**

**Attorney Michael H. Carpenter, counsel for defendant The Ohio State University,**

**Attorney Timothy R. Bricker, counsel for defendant The Ohio State University,**

**Attorney David J. Barthel, counsel for defendant The Ohio State University.**

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes    __✓__ No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

_____Yes    _____No    _____The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by __**N/A**___.

**If the Court denies Ohio State's Motion to Dismiss John Doe 162's First Amended Complaint (Doc. 31), the parties believe a status conference would be appropriate to**

1

**address these initial disclosure issues.**

3. VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

_____Yes    ✓ No

If yes, describe the issue: **N/A** .

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by **N/A** .

4. PARTIES AND PLEADINGS

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by:

   **If the Court denies Ohio State's Motion to Dismiss John Doe 162's First Amended Complaint (Doc. 31), the parties believe a status conference would be appropriate to set a case schedule and address these parties and pleadings issues.**

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by **N/A** .

5. MOTIONS

   a. Are there any pending motion(s)?

   ✓ Yes    _____No

   If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

   **Ohio State's Motion to Dismiss Plaintiff John Doe 162's First Amended Complaint (Doc. 31) is pending.**

   b. Are the parties requesting expedited briefing on the pending motion(s)?

   _____Yes    ✓ No

   If yes, identify the proposed expedited schedule:

   Opposition to be filed by **N/A** ; Reply brief to be filed by **N/A** .

6. ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

**On July 29, 2020, the sixteen plaintiffs in the above-captioned action, including plaintiff John Doe 162, filed their original Complaint against Ohio State asserting claims under Title IX, 20 U.S.C. § 1681, *et seq.*, for "heightened risk" (Count I) and "hostile environment" (Count II) related to the conduct of former Ohio State physician Dr. Richard Strauss. *See* Complaint (Doc. 1). On October 12, 2020, Ohio State and fifteen of the sixteen plaintiffs in the above-captioned action, settled their claims. *See* Order (Doc. 21). The claims of plaintiff John Doe 162 were not included in the October 12, 2020 settlement. *Id.* On April 6, 2021, the Court granted the plaintiffs' unopposed motion for voluntary dismissal with prejudice pursuant to the settlement and dismissed with prejudice the claims of the fifteen settled plaintiffs, leaving the Title IX claims of plaintiff John Doe 162 as the only remaining claims in this action. *See* Order (Doc. 21).**

**On May 24, 2021, Ohio State filed a motion to dismiss the claims of John Doe 162 that were asserted in the original Complaint. *See* Motion to Dismiss (Doc. 26). In response to Ohio State's motion to dismiss, John Doe 162 filed a First Amended Complaint ("FAC") on June 14, 2021. *See* FAC (Doc. 28). The FAC deleted the Title IX "hostile environment" claim, leaving the Title IX "heightened risk" claim as the sole remaining claim. In his FAC, John Doe 162 alleges he visited Ohio State's campus for a recruiting visit as a prospective athlete for its wrestling team while he was a high school student sometime between 1978 and 1998. Strauss is alleged to have sexually assaulted or abused John Doe 162 while Strauss treated him one time during this visit.**

**On June 28, 2021, Ohio State filed a motion to dismiss John Doe 162's FAC as time-barred on two independent grounds: (1) John Doe 162 lacks standing to state Title IX claims against Ohio State because he was not an Ohio State student or employee at the time of the alleged abuse; and (2) John Doe 162's Title IX claim is barred by the two-year statute of limitations. *See* Motion to Dismiss (Doc. 31).**

**Plaintiff John Doe 162 has demanded a jury trial.**

7. DISCOVERY PROCEDURES

   a. The parties agree that all discovery shall be completed by ____ . The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are

      directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

      **The parties believe discovery should be stayed pending a decision on Ohio State's Motion to Dismiss John Doe 162's First Amended Complaint (Doc. 31). If the Court denies the Motion to Dismiss, the parties believe a status conference would be appropriate to set a case schedule and address these discovery issues.**

  b. Do the parties anticipate the production of ESI?_____Yes \_\_✓\_\_No.

     If yes, describe the protocol for such production:

  c. Do the parties intend to seek a protective order or clawback agreement?

     If yes, such order or agreement shall be produced to the Court by _____.

     **If the Court denies Ohio State's Motion to Dismiss John Doe 162's First Amended Complaint (Doc. 31), the parties believe a status conference would be appropriate to set a case schedule, including addressing these protective order and clawback issues.**

8. <u>DISPOSITIVE MOTIONS</u>

  a. Any dispositive motions shall be filed by_____.

     **If the Court denies Ohio State's Motion to Dismiss John Doe 162's First Amended Complaint (Doc. 31), the parties believe a status conference would be appropriate to set a case schedule and address these dispositive motion issues.**

  b. Are the parties requesting expedited briefing on dispositive motions?

     \_\_\_\_\_Yes     ✓ No

     If yes, identify the proposed expedited schedule:

     Opposition to be filed by **N/A** ; Reply brief to be filed by **N/A** .

9. <u>EXPERT TESTIMONY</u>

  a. Primary expert reports must be produced by_____.

  b. Rebuttal expert reports must be produced by_____.

> **If the Court denies Ohio State's Motion to Dismiss John Doe 162's First Amended Complaint (Doc. 31), the parties believe a status conference would be appropriate to set a case schedule and address these expert deadline issues.**

10. <u>SETTLEMENT</u>

Plaintiff(s) will a make a settlement demand by_____. Defendant will respond by _____. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request the following month and year:

_____ 20___

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

> **The parties have met and conferred and have been unable to agree on this section.**
>
> **Plaintiff is prepared to make a settlement demand and receive a response in July 2021 and have a settlement conference in August 2021.**
>
> **The defendant's position is that if the Court denies Ohio State's Motion to Dismiss John Doe 162's First Amended Complaint (Doc. 31), then a status conference would be appropriate to set a case schedule. In the interim, the Strauss Individual Settlement Program is ongoing.**

11. <u>RULE 16 PRETRIAL CONFERENCE</u>

Do the parties request a scheduling conference?

__✓__ Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place_____ in chambers __✓__ by telephone.

_____ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

> **The Court already has set a telephonic preliminary pretrial conference for July 22, 2021. If the Court denies Ohio State's Motion to Dismiss John Doe 162's First Amended Complaint (Doc. 31), the parties believe a status conference would be appropriate to set a case schedule and address the scope and staging of discovery.**

5

12.  OTHER MATTERS

Indicate any other matters for the Court's consideration:

**None at this time.**

Signatures:

| Attorneys for Plaintiff John Doe 162: | Attorneys for Defendant The Ohio State University: |
|---|---|
| /s/ Richard W. Schulte<br>by /s/ Michael H. Carpenter per email authorization (7/15/2021)<br>Richard W. Schulte (0066030) (Trial Attorney)<br>WRIGHT & SCHULTE, LLC<br>865 S. Dixie Dr.<br>Vandalia, OH 45377<br>(937) 435-7500<br>(937) 435-7511 facsimile<br>rschulte@yourlegalhelp.com<br><br>Michael L. Wright (0067698)<br>WRIGHT & SCHULTE, LLC<br>130 W. 2nd Street, Suite 1600<br>Dayton, OH 45402<br>(937) 222-7477<br>(937) 222-7911 facsimile<br>mwright@yourohiolegalhelp.com<br><br>Dennis P. Mulvihill<br>WRIGHT & SCHULTE, LLC<br>23139 Chagrin Blvd., Suite 620<br>Cleveland, OH 44022<br>(216) 591-0132<br>(216) 591-0622 facsimile<br>dmulvihill@yourlegalhelp.com | DAVID A. YOST<br>ATTORNEY GENERAL OF OHIO<br><br>/s/ Michael H. Carpenter<br>Michael H. Carpenter (0015733) (Trial Attorney)<br>Timothy R. Bricker (0061872)<br>David J. Barthel (0079307)<br>Carpenter Lipps & Leland LLP<br>280 Plaza, Suite 1300<br>280 North High Street<br>Columbus, OH 43215<br>Phone: (614) 365-4100<br>Fax: (614) 365-9145<br>Email: carpenter@carpenterlipps.com<br>         bricker@carpenterlipps.com<br>         barthel@carpenterlipps.com<br><br>Special Counsel for Defendant The Ohio State University |

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on July 15, 2021. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Trial Attorney for
Defendant The Ohio State University