# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 16, 2022

Mr. David John Barthel
Mr. Timothy Raymond Bricker
Mr. Michael Hiram Carpenter
Carpenter, Lipps & Leland
280 N. High Street, Suite 1300
Columbus, OH 43215

Ms. Lori Bullock
Bailey Glasser
309 E. Fifth Street, Suite 202 B
Ankeny, IA 50023

Mr. Richard W. Schulte
Wright & Schulte
865 S. Dixie Drive
Vandalia, OH 45377

Re: Case No. 21-4121, *Doe v. The Ohio State University*
Originating Case No. : 2:20-cv-03817

Dear Counsel,

The Court issued the enclosed per curiam order today in this case.

Enclosed are the court's unpublished order and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Laurie A Weitendorf
Opinions Deputy

cc: Mr. Richard W. Nagel

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0525n.06

Case No. 21-4121

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

FILED
Dec 16, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOHN DOE 162, <br>     Plaintiff-Appellant, <br><br> v. <br><br> THE OHIO STATE UNIVERSITY, <br>     Defendant-Appellee, | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO <br><br> ORDER |

Before: CLAY, GIBBONS, and McKEAGUE, Circuit Judges.

**PER CURIAM**. Between 1978 and 1998, Dr. Richard Strauss, a university physician and athletic team doctor at the Ohio State University, allegedly sexually abused hundreds of individuals under the guise of performing medical examinations. The allegations did not become public until 2018, following Ohio State's commissioning of an independent investigation undertaken by the law firm Perkins Coie, which substantiated the allegations of abuse. After the allegations became public, survivors of this abuse—including Plaintiff in this case—brought Title IX suits against Ohio State, alleging that Ohio State was deliberately indifferent to their heightened risk of abuse and that Ohio State actually concealed the abuse. The district court found that Plaintiff's claims were barred by the statute of limitations and dismissed the action. Plaintiff timely appealed.

No. 21-4121, *John Doe 162 v. The Ohio State University*

Around the same time that the district court dismissed Plaintiff's claims, the district court also dismissed claims brought by other alleged survivors of Strauss' abuse.  *See Garrett v. Ohio State Univ.*, 561 F. Supp. 3d 747 (S.D. Ohio 2021); *Ratliff v. Ohio State Univ.*, No. 2:19-cv-4746, 2021 WL 7186198 (S.D. Ohio Sept. 22, 2021); *Snyder-Hill v. Ohio State Univ.*, No. 2:18-cv-736, 2021 WL 7186148 (S.D. Ohio Sept. 22, 2021); *Moxley v. Ohio State Univ.*, No. 2:21-cv-3838, 2021 WL 7186269 (S.D. Ohio Oct. 25, 2021).  The district court reasoned that the plaintiffs' claims were barred by the statute of limitations because the abuse happened more than two years ago, and the plaintiffs knew or had reason to know that they were injured at the time that the abuse occurred.  *See Garrett*, 561 F. Supp. 3d at 754–62; *Snyder-Hill*, 2021 WL 7186148, at *1; *Moxley*, 2021 WL 7186269, at *1.  The district court dismissed Plaintiff's claims in this case for the same reasons.

While Plaintiff's appeal in this case was pending, this Court decided an appeal involving the lawsuits *Snyder-Hill v. Ohio State University*, No. 2:18-cv-736 (S.D. Ohio) and *Moxley v. Ohio State University*, No. 2:21-cv-3838 (S.D. Ohio).  In *Snyder-Hill, et al. v. Ohio State University*, 48 F.4th 686 (6th Cir. 2022), this Court held that the plaintiffs adequately alleged that they did not know, and could not have reasonably known, that they were injured by Ohio State until 2018.  Accordingly, this Court held that the plaintiffs' Title IX claims against Ohio State did not accrue until 2018, and that the claims therefore were not barred by the two-year statute of limitations.  *Id.* at 690, 705–06.

On review of Plaintiff's claims in this case, we conclude that the district court's judgment should be vacated and the action remanded so that the district court may consider in the first instance whether the statute of limitations bars Plaintiff's claims in light of this Court's decision in *Snyder-Hill*.  Accordingly, we **VACATE** the district court's dismissal of Plaintiff's complaint and **REMAND** the matter for reconsideration in light of *Snyder-Hill*.

No. 21-4121, *John Doe 162 v. The Ohio State University*

    IT IS SO ORDERED.

        ENTERED BY ORDER OF THE COURT

        _____
        Deborah S. Hunt, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-4121

JOHN DOE 162,

    Plaintiff - Appellant

v.

THE OHIO STATE UNIVERSITY,

    Defendant - Appellee.

```
FILED
Dec 16, 2022
DEBORAH S. HUNT, Clerk
```

Before: CLAY, GIBBONS, and McKEAGUE, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Southern District of Ohio at Columbus.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the district court's dismissal of Plaintiff's complaint is VACATED, and the case is REMANDED for reconsideration in light of *Snyder-Hill v. Ohio State University*, 48 F.4th 686 (6th Cir. 2022).

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk